◼ JOHN DI CESARE et al., Appellants, v EDWARD BARNES, Doing Business as BARNES OIL COMPANY, Respondent.—Appeal from a judgment of the Supreme Court, entered October 22, 1975 in Sullivan County, upon a verdict rendered at Trial Term in favor of defendant. On April 26, 1973 a fire occurred at plaintiffs' residence causing substantial damage. The plaintiffs allege that the defendant negligently caused the fire by and through his service and maintenance of the furnace. The jury rendered a verdict which was a finding that both parties were negligent. The primary issue raised upon this appeal is whether or not the record contains evidence which would support a finding that the plaintiffs were guilty of contributory negligence. The defendant does not dispute the plaintiffs' assertion that his negligence was established and he does not urge that the jury verdict of negligence was erroneous as to him. The record establishes that the defendant was called to fix the furnace on April 26, 1973. He ascertained that the oil burner was not receiving fuel from its tank and thereupon switched certain lines running from the tank to the burner. The furnace then received oil and by visual observation was running as would ordinarily be expected. Later that evening the fire occurred and there is evidence that it originated in the furnace. Upon this record it is certain that the plaintiffs might have negligently caused dirt to enter the fuel lines or otherwise have caused the oil burner to run out of fuel some time prior to when defendant was called to repair the machine on April 26, 1973. The defendant undertook to cure the malfunction regardless of its cause and nevertheless the furnace caused a fire. The jury found that the defendant was negligent. The defendant in his opening statement to the jury specified that his position was that his work at the premises had nothing to do with the fire. He further took the position that in any event the fire did not start in the furnace and, therefore, he could not have caused it. The jury quite clearly rejected those contentions of the defendant by finding he had been negligent in the performance of his services. There is upon this record no negligence of the plaintiffs which would have been a contributing cause of the fire if the defendant was causally negligent on April 26, 1973. The plaintiffs' exception to the charge of the court as to contributory negligence was appropriate and preserved the issues for appeal. Judgment reversed, on the facts, and a new trial ordered, with costs to abide the event. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur. ·